UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

XIAODONG XUN
2213 Pennview Lane, Apt B
Schaumburg, IL 60194
(847)490-1669
              Plaintiff
   VS.
MICHAEL CHERTOFF
Secretary
U.S. Department of Homeland Security
3801 Nebraska Avenue, NW
Washington, DC 20528

EMILIO GONZALEZ
Director
U.S. Citizenship & Immigration Services
U.S. Department of Homeland Security
20 Massachusetts Avenue, NW
Washington, DC 20529

EVELYN UPCHURCH
Director
Texas Service Center of the U.S. Citizenship &
Immigration Services
P.O. Box 851488
Mesquite, TX 75185-1488

ROBERT S. MUELLER. III
Director
Federal Bureau of Investigations (FBI)
935 Pennsylvania Avenue, NW
FBI Building
Washington, DC 20535-0001
              Defendants

CIVIL ACTION NO.

CASE NUMBER   1:06CV01515

JUDGE: Richard W. Roberts

DECK TYPE: Pro se General Civil

DATE STAMP: 08/25/2006

## PLAINTIFF'S ORIGINAL COMPLAINT

## FOR WRIT IN THE NATURE OF

## MANDAMUS & DECLARATORY JUDGEMENT

NOW come the Plaintiff, Xiaodong Xun, in the above-captioned matter, and hereby states as follows:

1. This action is brought against the Defendants to compel action on the clearly delayed processing of two I-485 Applications, one filed by the Plaintiff, Xiaodong Xun, and one filed by his wife Xiaolei Zhu, as his derivative beneficiary family member. The applications were filed and remain within the jurisdiction of the Defendants, who have improperly delayed processing the applications to Plaintiff's detriment.

PARTIES

2. Plaintiff, Xiaodong Xun, resides at 2213 Pennview Lane, Apt. B, Schaumburg, IL 60194, is the beneficiary of an I-485, Application to Register Permanent Resident or Adjust Status, filed with the USCIS.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC §1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of application for nonimmigrant visas filed pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the

Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

4. Defendant Emilio Gonzalez is the Director of the U.S. Citizenship & Immigration Services (USCIS) and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B).

5. Defendant Evelyn Upchuch, Director of the Texas Service Center, is an official of the U.S. Citizenship & Immigration Services (USCIS) generally charged with authority over the administration of immigration benefits and services including the processing of citizenship applications and family and employment-based petitions. As will be shown, Defendant Director of Texas Service Center of the USCIS is an official with whom Plaintiff's application to Register Permanent Resident or Adjust Status was properly filed.

6. Defendant Robert S. Mueller III is the Director of the Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the USCIS. As will be shown, Defendant has failed to complete the security clearance on Plaintiff Xiaodong Xun's case.

## JURISDICTION

7. Jurisdiction in this case is proper under 28 USC §1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

8. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant is located and performs his official duties.

## EXHAUSTION OF REMEDIES

9. The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied the USCIS documents that clearly establish his eligibility to Register Permanent Resident or Adjust Status.

## CAUSE OF ACTION

10. The Plaintiff properly filed one I-485 application, Application to Register Permanent Resident or Adjust Status, pursuant to Section 245 of the Immigration & Naturalization Act. Plaintiff also filed one I-485 application for his wife, as his derivative beneficiary family member. Both applications were based on Plaintiff's I-140 application, Immigrant Petition for Alien Worker, received on December 27, 2003 and approved on March 8, 2005.

11. These I-485 petitions, along with and supporting documentation were filed in person at the Texas Service Center on or about December 29, 2003. (Exhibit 1) Fingerprints were submitted to the USCIS on or about February 2005. The Plaintiff submitted the supplementary documentation as requested by USCIS on or about September 15, 2005.

12. On September 9, 2005, the Plaintiff was informed that the USCIS had not completed his background check; and therefore was unable to approve the petition. (Exhibit 2) On or about December 2005, Plaintiff appeared before the USCIS Louisville, KY local office in order to inquire information about the status of his case, and Plaintiff was told by an officer that the USCIS still was unable to approve his petition.

13. On or about September, 2005, the Plaintiff asked U.S. Senator Jim Bunning to help him for inquiring the status of his petition. On September 23, 2005, the Plaintiff was informed that his petition was pending on FBI name check. (Exhibit 3) From then until June 2006, Senator Jim Bunning kept inquiring the USCIS and FBI every month and Plaintiff's name check was still pending.

14. On June, 2005, right after the Plaintiff has moved to Schaumburg, IL, the Plaintiff asked US Congresswoman Melissa L. Bean to help him for inquiring the status of his petition. On July 14, 2006, the Plaintiff was informed that his petition was still pending on FBI name check. (Exhibit 4)

15. Plaintiff has made numerous inquiries over the phone regarding the status of their cases to the Texas Service Centers of the USCIS, but to no avail.

16. It is unlawful for an employer to hire an alien who is not authorized to work in the United States. 8 U.S.C. § 1324a. I-485 applicants are authorized to work in the United States upon approval of their Employment Authorization Document ("EAD").

17. Defendants limit the duration of applicants' EAD to one year.

18. Plaintiff filed his EAD application on or about 4/27/2004 with the filing fee of $120. Because of Defendants' delays in processing I-485 applications, Plaintiff had to renew his EADs on or about 8/15/2005 with filing fee of total $175, and on or about 5/26/2006 with filing fee of total $180.

19. The defendants have failed to properly adjudicate these petitions. They have failed to adhere to their own regulations and have improperly delayed the processing of the Plaintiff's I-485 applications after the Plaintiff had submitted the properly executed applications. It has been 30 months since Plaintiff has filed his I-485.

20. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements and complete the processing procedures.

21. Defendants' delay in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate the petition, thereby depriving him of the rights to which the Plaintiff is entitled.

22. The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

   (a) Specifically, Plaintiffs has been unable to obtain legal permanent residence, travel and work without restriction and accrue time to be eligible for Naturalization as a citizen of the United States.

   (b) Plaintiff has lost significant work time and will lose significant work time while pursuing his adjustment application, making inquiries at USCIS offices, meeting with lawyers, applying for renewals and travel documents, and otherwise pursuing his delayed permanent residency.

   (c) Plaintiff has had to and will continue to have to obtain EADs and pay for repeated renewals of those EADs, resulting in significant out of-pocket expense, including attorneys' fees, inconvenience, and loss of wages.

   (d) Plaintiff has moved to Schaumburg, IL in May of 2006; therefore, making it more difficult to revisit the Louisville Local Office.

23. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, are unlawfully withholding action on the Plaintiff's application and have failed

7

to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

24. The Plaintiff has provided sufficient evidence of his attempts to secure adjudication of his applications at issue, all to no avail. Accordingly, the Plaintiff has been forced to pursue the instant action.

PRAYER

25. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter and order:

   (a) requiring Defendants to properly adjudicate Plaintiff's and his wife's applications for action on an approved petition;

   (b) requiring Defendants to provide the Plaintiff with Notices of Approval;

   (c) awarding Plaintiff reasonable filing fees pursuant to the Equal Access to Justice Act;

   (d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

_____
Xiaodong Xun
2213 Pennview Lane, Apt B
Schaumburg, IL 60194
Telephone (847)281-6303
Fax (847) 623-
xiaodongxun@hotmail.com

LIST OF ATTACHMENTS

| Exhibit | Description |
| --- | --- |
| 1 | Receipts of I-485 petitions dated 12/29/2003 |
| 2 | Inquiry response regarding status dated 9/9/2005 |
| 3 | Inquiry response from US Senator Jim Bunning in KY dated 9/23/2005 |
| 4 | Inquiry response from US Congresswoman Melissa L. Bean in IL dated 7/14/2006 |